BARTLETT, J.
This motion is not based upon any occurrence in the present action, but arises out of the proceedings which have been had in the circuit court of the United States in a suit subsequently brought to trial between the same parties. In the present action the plaintiff sought to set aside a certain contract relating to securities or obligations of the city of Houston, in Texas. He was unsuccessful at special term, and has taken the-appeal which we are now asked to dismiss. In the suit in the federal court, the defendant herein, together with others, sought to recover damages against Tinsley for a breach of the same contract, and obtained a verdict against him. That recovery, however, was smaller than it otherwise would have been because the court, in fixing the measure off damages, was more favorable to Tinsley than Jemison, and his associate plaintiffs in that case seem to have desired, and directed the jury to deduct from their award the value of certain securities which Tinsley had delivered under the contract. The contention in Jemison’s behalf now is that, by reason of this reduction of damages against him in the suit ón the contract in the federal court, Tinsley has affirmed the contract, and is precluded from prosecuting the present appeal.
We do not see how this position can be sustained. A man does (not affirm a contract because, while denying any liability thereunder, he also insists that, if a court shall nevertheless determine that he is liable, the measure of his liability is limited. The judgment in the federal court, however small, was recovered in spite of Tinsley’s opposition, and against his will. Indeed, it appears that the reduction in damages was wholly due to the action of the United States circuit judge, without any request or suggestion on the part of Tinsley or his counsel. The judgment, therefore, cannot be deemed beneficial or favorable to him in any such sense-as to constitute an estoppel, a waiver or a bar, with reference to-the prosecution of the present appeal, simply because the amount of the recovery against him was kept down by the court beyond the expectation or wish of those who sued him. His attitude in the federal court, no less than his attitude in the state court, has been hostile to the contract which gave rise to both litigations. He has failed thus far to annul that contract or successfully resist its enforcement, but there is nothing before us to show that he has done anything to estop him from continuing his efforts in either direction by wav of appeal. The case of Ripley v. Insurance Co., *794 30 N. Y. 136, 164, cited in the brief of the respondent, does not - seem to have any application to the question involved.
The motion to dismiss the appeal must be denied, with costs.
All concur.